**Michael F. RYAN, et al., Plaintiffs,**

v.

**DOW CHEMICAL COMPANY, Monsanto Company, Hercules Incorporated, T H Agriculture & Nutrition Company, Inc., Diamond Shamrock Chemicals Company, Uniroyal, Inc., and Thompson Chemicals Corporation, Defendants.**

**In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.**

**No. 79 C 747.
MDL No. 381.**

United States District Court,
E.D. New York.

July 9, 1985.

## ORDER AND FINAL JUDGMENT OF DISMISSAL

WEINSTEIN, Chief Judge.

On June 18, 1985, the Court issued a final judgment approving the Settlement Agreement made as of May 7, 1984 by the parties to this class action. Paragraph 13 of the Settlement Agreement contemplates entry of a judgment dismissing with prejudice and without costs plaintiffs' claims, including claims for punitive damages, and defendants' cross-claims. Accordingly,

UPON consideration of all prior orders, opinions, memoranda, briefs, proceedings, transcripts and documents on file in the Court under MDL No. 381, subject to all limitations in the memoranda, orders and judgments filed to date,

IT IS ORDERED AND ADJUDGED THAT:

1. The Settlement Agreement is a fair, reasonable and adequate settlement of this class action, and is hereby approved, according to its terms and pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

2. The Settlement Agreement shall be consummated in accordance with its terms.

3. All complaints in this class action, and all claims of each and every plaintiff and member of the Rule 23(b)(3) class, are hereby dismissed on the merits, with prejudice and without costs, in favor of all the defendants.

4. All claims for punitive damages by each and every member of the Rule 23(b)(1)(B) class in this class action are hereby dismissed on the merits, with prejudice and without costs, in favor of all the defendants.

5. Each and every plaintiff and member of the Rule 23(b)(3) class is hereby forever barred from instituting or maintaining any action against any of the defendants, or any of their foreign and domestic predecessors, successors, parents, subsidiaries, affiliates or insurers, as well as any of their stockholders, directors, officers, employees and agents, arising out of or relating to, or in the future arising out of or relating to, the subject matter of any of the complaints in this class action.

6. Each and every member of the Rule 23(b)(1)(B) class is hereby forever barred from instituting or maintaining any claim for punitive damages against any of the defendants, or any of their foreign and domestic predecessors, successors, parents, subsidiaries, affiliates or insurers, as well as any of their stockholders, directors, officers, employees and agents, arising out of or relating to, or in the future arising out of or relating to, the subject matter of any of the complaints in this class action.

7. The cross-claims of each of the defendants against one another with respect to the claims of plaintiffs and members of the Rule 23(b)(3) class in this class action are hereby dismissed with prejudice and without costs.

8. Defendants and their foreign and domestic predecessors, successors, parents, subsidiaries, affiliates and insurers, as well as all of their stockholders, directors, officers, employees and agents, are not, and in the future shall not be, subject to liability or expense of any kind to any plaintiff or to any member of the Rule 23(b)(3) class in respect of any claim arising out of the subject matter of the complaints in this class action.

9. Defendants and their foreign and domestic predecessors, successors, parents, subsidiaries, affiliates and insurers, as well as all of their stockholders, directors, officers, employees and agents, are not, and in the future shall not be, subject to liability or expense of any kind to any member of the Rule 23(b)(1)(B) class in respect of any

claim for punitive damages arising out of the subject matter of the complaints in this class action.

10. The Settlement Fund shall be distributed according to the plan set forth in the Court's Memorandum, Order, and Judgment on Distribution of the Settlement Fund, dated May 28, 1985, subject to the court's power of modification. Awards of attorneys' fees shall be payable by the Clerk of the Court as directed in the Court's Memorandum and Order on Attorney Fees as Modified and Final Judgment, dated June 18, 1985.

11. Without affecting the finality of any of the foregoing provisions, the Court hereby reserves jurisdiction for the limited purposes of maintaining, administering and distributing the Settlement Fund, pending its final disposition. Many of the parties are not concerned with those matters, however, and as provided in the Settlement Agreement, the judgment dismissing this class action must be final and all appeals decided before any distribution from the Settlement Fund can be made. Therefore, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby makes an express determination that there is no just reason for delay and an express direction for the entry of judgment.

SO ORDERED.